# COURT OF COMMON PLEAS OF BALTIMORE CITY.

Filed February 19, 1902.

LOUISA C. E. BERRY ET AL.

VS.

THE SAFE DEPOSIT AND TRUST COMPANY, EXECUTOR OF GEORGE R. BERRY, DECEASED.

HARLAN, J.—

The argument on the objection being concluded, the court, (Harlan, J.), ruled as follows:

The testimony of Bridget Mary O'Brien, who was examined as a witness at the former trial by the caveatee, being now deceased, as I understand, is being read from the stenographer's report of the testimony of the former trial, by the caveators, and the question is as to whether or not the caveators are bound to read *all* the testimony which she gave at that trial, or whether, when they come to a part of the testimony that, if she were present testifying for the caveatee they could object to, they can now refuse to read that part, in the same way they could object if she were upon the stand testifying.

Now, apart from the agreement in this case, I should have no doubt that when the caveators elect to put in the testimony of Bridget Mary O'Brien given at the former trial, they are

bound to take her testimony, and they are bound to take all parts of it in their favor and all parts against them, and it was for them, before they elected to read her testimony, to determine whether it is for their advantage or disadvantage it should be read.

Then, the next question that arises is, whether there is anything in the agreement made at this trial which would modify that ruling.

In the agreement, it seems to me, if we are to interpret it according to the words of the agreement, there is nothing which changes that burden resting upon the parties offering the testimony. It is: "that the testimony of any non-resident or deceased witness, or any witness prevented by illness from being present at this trial, who was examined at the former trial of this case, can be read from the stenographic notes of the testimony of such witness at such former trial."

Now, I would understand that to mean the *whole* testimony could be read, that there is no option given to select and read parts of the testimony. It is to be read, however, "subject to any objection to the admissibility of such testimony which would be valid if the witness were present on the stand and was testifying orally, except objections to the form of the questions as being leading."

Now, I would think that the natural meaning of that was, that when one side offered to read the testimony of any witness, and being bound to read the *whole* of it, the only person who would have the right to object to the admissibility of the testimony, not having objected at the former trial, would be the party against whom it was offered, and who was not offering the testimony, and that it would not lie in the mouth of the side offering to read the testimony to practically select parts to read and leave out other parts.

Now, that being my view of the case, I don't know as it becomes necessary for me at this time to pass upon the other question that has been argued, as to whether or not there is any difference as to the foundation which should be laid to express an opinion against mental capacity and in favor of mental capacity by a non-expert witness. But if you desire to have me express an opinion on that subject, which

has been argued, I will be very glad to do it.

(Mr. Bryan) We would be very glad to know your Honor's mind.

(Court) Of course, we must all agree that when non-expert witnesses are called to express an opinion, whether that opinion is to be in favor of mental capacity or against mental capacity, a sufficient foundation must be laid; and the question is, whether there is any difference as to the foundation that must be laid to express an opinion against mental capacity and the foundation in favor of mental capacity.

Now, whatever opinion I may have entertained upon that subject when the Berry will case was formerly tried, I must say that my opinion now is, there is such a difference, and that if a witness is to express an opinion against mental capacity, it must not only appear that the witness has had an acquaintance of sufficient duration with the person whose capacity is being inquired into, or sufficient opportunity for observation, but he must also state facts which in the opinion of the court, are sufficient to support the conclusion as to that question.

Now, with reference to the witness Stabler in this case. Mr. Stabler certainly had had a long acquaintance with Mr. Berry; he had, according to the testimony that is in the record that went to the Court of Appeals, talked to Mr. Berry many times, and he had talked to him upon a great many subjects through a number of years, and I would have said that a man having that opportunity of observation ought to be in a position—and I thought so at the former trial—to express an opinion as to the mental capacity of Mr. Berry; the Court of Appeals, however, said—as I understand the opinion—that inasmuch as in all these conversations he had not brought to the attention of the court any facts that would afford a rational conclusion that Mr. Berry was not mentally sound, he was not able to express an opinion against Mr. Berry's mental capacity. And so with reference to the testimony of Dr. Donavin. Dr. Donavin had had a very long acquaintance with Mr. Berry, and a very intimate acquaintance with him, and it seemed to me that the only ground upon which Dr. Donavin could be refused the opportunity to express an opinion against Mr. Berry's mental

capacity was, that he had not brought to the attention of the court, facts which, in the opinion of the court, would justify a rational conclusion against Mr. Berry's mental soundness.

And, to draw another illustration from the case of Brashiers vs. Orme, 49 Atlantic Reporter, 620, the witness, Robert P. Sellman, testified that he had known Thomas P. Orme for thirty-five years, that he went to school and college with him, their houses were about a mile apart, and he saw the testator every day or two and was on friendly terms with him. And then he gave some instances, two instances, which, in his opinion, justified him in forming an opinion against the capacity of the testator. And the Court of Appeals, in dealing with that question uses this significant language:

"Under the law the presumption is that a testator is sane, and no one not an expert, or witness to the will, is competent to express an opinion contrary to that presumption, unless he first states facts which are sufficient to base an opinion on."

Now, that seems to me to be in line with the Michigan case and the Alabama case, and, applying the rule as the Court of Appeals have applied it in the Berry case, I have reached the conclusion which I have announced.